**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------x
                                                 :
IN RE:                                           :        Case No. 16-11870 (LSS)
                                                 :
                                                 :
BENNU TITAN LLC,                                 :
                                                 :        Chapter 11
                  Debtor.                         :
                                                 :
-------------------------------------------------x
```

**STATEMENT**

The Department of the Interior ("Interior"), by and through its undersigned counsel,

submits this statement ("Statement") in response to the Court's request at the hearing held on

September 21, 2016 for clarification on: (1) additional procedures or requirements, if any, that a

chapter 11 trustee (the "Trustee") would have to follow to make use of the Debtor's rights of

way, OCS-G 28435 and 28459 (each, a "ROW"; and together, the "ROWs"), if a trustee were to

be appointed by this Court; and (2) the extent to which the United States intends to assert its

police and regulatory powers under 11 U.S.C. § 362(b)(4).  Although no relief has been sought,

or decision of the Court requested, in connection with any such regulatory requirements or

enforcement powers, Interior submits this statement for the Court's convenience to illustrate

some examples of regulatory requirements an oil and gas debtor, or any trustee appointed to

administer such a debtor's estate, would be responsible to fulfill under applicable law.

To be qualified to make use of the above-captioned debtor's (the "Debtor") ROWs or to

otherwise operate the pipelines covered by such ROWs, any appointed Trustee would be

required to submit a copy of the court order authorizing his or her appointment (the

1

"Appointment Order") to the Adjudication Section of the Bureau of Ocean Energy Management

("BOEM").  See 30 C.F.R. § 556.402(d)(3)(iv).

On October 24, 2016, BOEM informed the Debtor's parent company, Bennu Oil & Gas

(the "Parent") (through counsel), that BOEM will accept the name change documents submitted

on the Debtor's behalf subject to the following requirements: (1) the surety for the $300,000

areawide pipeline ROW bond must submit a bond rider changing the name of the principal on

the bond from ATP Titan LLC to Bennu Titan LLC or a replacement $300,000 areawide pipeline

ROW bond must be submitted with Bennu Titan LLC named as the principal on the bond; and

(2) the full $3,641,568 amount of financial assurance referenced in the Incident of Non-

Compliance G-831 dated August 31, 2016 (the "INC") for the ROWs must be covered either by

supplemental bonds or by inclusion in a tailored financial plan approved by BOEM's Risk

Management Operations Group (collectively, the "Qualification Requirements").  BOEM does

not intend to take any further action on the INC if the environment and the public health and

safety are protected by submission of $3,641,568 in current financial assurance required as

mandated by federal laws and regulations.  See 30 C.F.R. Part 556, Subpart I; see also NTL No.

2016-N01, Notice to Lessees and Operators of Federal Oil and Gas and Sulfur Leases, and

Holders of Pipeline Right-of-Way and Right-of-Use and Easement Grants in the Outer

Continental Shelf.

The Federal Water Pollution Control Act, 33 U.S.C. § 1251 *et seq.*, and its implementing

regulations found at 30 C.F.R. Part 254 (the "OSRP Regulations"), require any owners and

operators of pipelines to submit an Oil Spill Response Plan ("OSRP") to the Bureau of Safety

and Environmental Enforcement ("BSEE") for approval in compliance with the OSRP

Regulations.  An OSRP approved by BSEE must be in place to operate any properties on the

Gulf of Mexico.  An OSRP is a planning document prepared and used by industry owners and operators to respond to an oil discharge from their offshore facilities. The OSRP contains numerous details including, exercise and equipment testing procedures, spill response strategies and tactics, spill command and control procedures, and emergency contact information.  All OSRP regulatory requirements are outlined in the OSRP Regulations, including the plan's format, contents, submission schedule, and revision procedures.  BSEE also published additional guidance and clarification on OSRP requirements through several Notices to Lessees and Operators (NTLs) documents including, without limitation, NTL 2012-N06, NTL 2012-N07 and NTL 2013-N02.  Currently, the Debtor is covered by the Parent's OSRP so long as the Debtor meets BOEM's Qualification Requirements set forth in the preceding paragraph.  If the Debtor does not meet BOEM's Qualification Requirements, or if the Parent decides to exclude the Debtor's facilities from its OSRP, the Debtor (or any Trustee to be appointed) will have to submit an OSRP to BSEE for approval in accordance with the OSRP Regulations.

The Oil Pollution Action of 1990, 33 U.S.C. § 2701 *et seq.* and its implementing regulations found in 30 C.F.R. Part 553 (the "OSFR Regulations") require that a responsible party for a covered offshore facility (a "COF") (including the pipelines covered by the Debtor's ROWs) designate an applicant (a "Designated Applicant") to demonstrate oil spill financial responsibility ("OSFR") to BOEM.  See 30 C.F.R. § 553.11.  Demonstration of OSFR ensures that the Designated Applicant for a COF has the financial resources necessary to pay for cleanup and damages that can be caused by oil spill discharges.  See 30 C.F.R. § 553.5.  Continuous OSFR coverage must be maintained for all COFs (including the pipelines covered by the Debtor's ROWs).  See 30 C.F.R. § 553.15.   The amount of OSFR that must be demonstrated is set forth in the OSFR Regulations and varies based on the worst case oil spill discharge volume

that can be expected.  See 30 C.F.R. § 553.13.  A Designated Applicant must demonstrate OSFR

and may be a responsible party (including the owner or operator of a pipeline) or a parent

company authorized under the OSFR Regulations and other applicable federal regulations.  See

30 C.F.R. § 553.11.  If a responsible party fails to designate an applicant or existing OSFR

coverage expires and is not renewed by the Designated Applicant covering the COF, then the

owner or operator of the platform must demonstrate OSFR to BOEM.  30 C.F.R. § 553.11.  A

Designated Applicant may demonstrate OSFR by various means provided for in the OSFR

Regulations, including self-insurance, insurance, indemnification, surety bonds or alternative

methods that may be approved by the Director of BOEM.  See 30 C.F.R. § 553.20.

Currently, the Designated Applicant for the Debtor's ROWs is the Parent and it has

demonstrated OSFR to BOEM by insurance contract which covers, among other COFs, the

ROWs at issue.  The insurance covering the ROWs is scheduled to expire on October 31, 2016.

The Parent represented that it intends to renew the OSFR coverage for the ROWs upon the

expiration of the current insurance contract.  If the Parent does not renew the insurance policy

covering the ROWs on the policy's expiration date, the Debtor (or any Trustee to be appointed)

will be required to demonstrate OSFR in compliance with the OSFR Regulations to operate the

pipelines covered by the ROWs or to designate an applicant who can meet the OSFR

requirements.  Any questions pertaining to OSFR requirements should be directed to BOEM.

Interior intends to exercise its police and regulatory powers to the fullest extent permitted

by The Outer Continental Shelf Lands Act, 43 U.S.C. § 1331 *et seq.* ("OCSLA"), its applicable

implementing regulations and any other applicable laws, whether explicitly included in this

Statement or not, in accordance with 11 U.S.C. § 362(b)(4) and 28 U.S.C. § 959(b).

Congress did not intend for the Bankruptcy Code to pre-empt all environmental or other

applicable laws that constrain the exercise of a debtor or a trustee's powers and 28 U.S.C. §

959(b) is one evidence of this legislative intent.  Midlantic Nat'l Bank v. N.J. Dep't of Envt'l

Protection, 474 U.S. 494, 505 (1986).  28 U.S.C. § 959(b) requires the Debtor, or any appointed

Trustee, to comply with applicable law in conducting its business while acting as debtor-in-

possession during this chapter 11 case.  Norris Square Civic Ass'n v. St. Mary Hospital, 86 B.R.

393, 398 (Bankr. E.D. Pa. 1988).

28 U.S.C. §959(b) provides:

> Except as provided in section 1166 of title 11, a *trustee*, receiver or
> manager appointed in any case pending in any court of the United
> States, *including a debtor in possession*, shall manage and operate
> the property in his possession as such trustee, receiver or manager
> according to the requirements of the valid laws of the State in
> which such property is situated, in the same manner that the owner
> or possessor thereof would be bound to do if in possession thereof.

28 U.S.C. § 959(b) (emphasis added).

A debtor's bankruptcy protections are, thus, not unlimited and must yield to the

governmental interest in public health, environmental protection and safety.  See Midlantic, 474

U.S. at 502-03 (finding that a trustee's power to marshal and distribute assets of the estate, or to

abandon property, must yield to the governmental interest in public health and safety).  Thus,

courts have routinely found that requiring compliance with "environmental laws pertaining the

oil and gas industry" is an appropriate assertion of the government's police and regulatory

powers.  See In re Williston Oil Corp., 54 B.R. 10, 13 (Bankr D.N.J. 1984); see also, Penn Terra

Ltd. v. Dep't of Envt'l Resources, Commonwealth of PA, 733 F.2d 267, 277-278 (3d Cir. 1984)

(the government is permissibly enforcing its police power pursuant to 11 U.S.C. § 362(b)(4) if

the government is seeking to prevent or protect against future environmental harm even if such

action requires the debtor to expends funds to comply); <u>Safety-Kleen, Inc. v. Wyche</u>, 274 F.3d

846 (4th Cir. 2001) (requiring a debtor to comply with financial assurance regulations intended to

promote environmental protection is a "clear exercise of . . . regulatory power.") <u>and</u> <u>Bickford v.</u>

<u>Lodestar Energy, Inc.</u>, 310 B.R. 70, 76-77 (E.D. Ky. 2004) ("[B]ankruptcy is not intended to be a

safe haven from compliance with regulatory requirements generally applicable to the ongoing

operations of a debtor, the compliance obligations of operating debtors include adherence to

bonding and financial assurance requirements imposed by laws generally applicable to the

business of the debtor" even if the effect, and an included purpose, of the bonding requirement

encompasses the availability of funds to comply with environmental obligations).

Other compliance obligations set forth in OCSLA, its implementing regulations, and

other laws undoubtedly apply to the Debtor, or any appointed Trustee.  The United States

expressly reserves its rights to enforce any laws, regulations and compliance obligations, whether

explicitly mentioned in this Statement or not.

[*Remainder of page left intentionally blank*]

Dated:  October 28, 2016                    Respectfully submitted,


                                            BENJAMIN C. MIZER
                                            Principal Deputy Assistant Attorney General


                                            CHARLES M. OBERLY, III
                                            United States Attorney


                                            ELLEN SLIGHTS
                                            Assistant United States Attorney


                                            /s/  *Eunice R. Hudson*
                                            RUTH A. HARVEY
                                            MARGARET M. NEWELL
                                            EUNICE R. HUDSON
                                            Civil Division
                                            U. S. Department of Justice
                                            P. O. Box 875
                                            Ben Franklin Station
                                            Washington, D.C.  20044-0875
                                            Tel: (202) 514-6748
                                            eunice.r.hudson@usdoj.gov


                                            *ATTORNEYS FOR THE UNITED STATES*

## CERTIFICATE OF SERVICE

On October 28, 2016, I caused a copy of the foregoing *NOTICE OF APPEARANCE AND CERTIFICATION OF GOVERNMENT ATTORNEY* to be served: (i) electronically through the Court's ECF system upon those who have entered an appearance in this proceeding, and (ii) by electronic mail on the parties listed below.

Dated: October 28, 2016

/s/ *Eunice R. Hudson*
Eunice R. Hudson

William P. Bowden
Frederick T. Mickler IV
Karen B. Owens
Aaron H. Stulman
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19801
wbowden@ashby-geddes.com
tmickler@ashby-geddes.com
kskomorucha@ashby-geddes.com
AStulman@ahsby-geddes.com

Thomas E Lauria
Thomas MacWright
White & Case LLP
200 South Biscayne Blvd., Suite 4900
Miami, FL 33131
tlauria@whitecase.com
tmacwright@whitecase.com

Joseph J. Farnan, Jr.
Michael J. Farnan
Farnan LLP
919 N. Market Street, 12th Floor
Wilmington, DE 19801
mfarnan@farnanlaw.com

David L. Buchbinder
Office of the U.S. Trustee
J. Caleb Boggs Federal Building
Suite 2207
Wilmington, DE 19801
david.l.buchbinder@usdoj.gov