IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BENNU TITAN LLC (f/k/a ATP TITAN LLC),[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 16-11870 (LSS)<br><br>**Related to Docket No. 78 & 96** |

## ORDER GRANTING MOTION OF BENNU TITAN LLC FOR AN ORDER AUTHORIZING CERTAIN RELIEF RELATED TO THE CONTINUATION AND RENEWAL OF INSURANCE PROGRAMS

Upon the Motion[2] of the Debtor for entry of an order authorizing certain relief related to the continuation and renewal of Insurance Programs; it appearing that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; it appearing that venue of this case and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; this Court having determined that notice of this Motion is appropriate and that no other or further notice is required; and this Court having determined after due deliberation thereon that the relief requested in the Motion is necessary, appropriate, and supported by ample cause:

IT IS THEREBY ORDERED THAT:

1. The Motion is **GRANTED** as set forth herein.

2. The Debtor is authorized to continue with the package insurance coverage that was previously financed and the installments remaining under that contract, and First Funding is authorized to receive and apply such payments to the indebtedness owed to First Funding as

---

[1] The last four digits of Bennu Titan LLC's federal taxpayer identification number are 5187.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

{01164696;v2 }

provided in that PFA.

3. In the event of an Event of Default (as that term is defined in the PFAs), the automatic stay shall automatically lift, subject to the notice and cure requirements detailed in paragraph 6 below, without further Court order, to enable Aon and First Funding to take all steps necessary and appropriate to cancel the Insurance Programs.

4. Aon and First Funding shall comply with the notice provisions and other provisions of the PFA.

5. Bennu Holdings shall give written notice to the Debtor, the Chapter 11 Trustee, and CLMG Corp. of all payments made to Aon under the PFA.

6. To the extent that Bennu Holdings does not make a required payment under the PFA or any other Event of Default (as that term is defined in the PFA) occurs, Aon and/or First Funding shall provide the Debtor, the Chapter 11 Trustee (when appointed), and CLMG Corp. with written notice of such non-payment or Event of Default and shall give the Debtor and the Chapter 11 Trustee ten (10) days to cure.

7. The Debtor acknowledges that, under the terms of the PFA, Aon and First Funding have security interests in, and liens on, the property described in paragraph 2 of the PFA, including unearned premiums and other credits owed to the insured parties under the PFA.

8. Without limitation, the liens, security interests and rights in unearned premiums granted under the PFA are senior to the lien of any debtor-in-possession lender in this Case and are senior to any claims under 11 U.S.C. §§ 503, 506(c).

9. The PFA and the liens and security interests in the unearned premiums shall continue in full force and effect and the indebtedness due under the PFA shall remain due and owing notwithstanding: (i) the dismissal or closure of this Case; (ii) the discharge of the Debtor;

or (iii) the confirmation of a plan of reorganization.

10. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. The Court shall retain exclusive jurisdiction over all matters pertaining to this Order.

Dated: November 15, 2016
Wilmington, Delaware

HONORABLE LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

{01164696;v2}